# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

DANIEL RAY MORRIS                                                   PETITIONER

v.                                             CRIMINAL NO. 1:12-cr-49-LG-RHW
                                                    CIVIL NO. 1:16-cv-213-LG

UNITED STATES OF AMERICA                                          RESPONDENT

## ORDER DENYING MOTION MADE PURSUANT TO 28 U.S.C. § 2255 AND DENYING AS MOOT MOTION FOR VOLUNTARY DISMISSAL

BEFORE THE COURT is the [36] Motion to Vacate, Set Aside, or Correct a

Federal Sentence Pursuant to 28 U.S.C. § 2255 filed by Defendant Daniel Ray

Morris. Morris was sentenced to 51 months and three years supervised release for

being a felon in possession of ammunition. In his § 2255 Motion, Morris challenges

the constitutionality of the United States Sentencing Guideline § 4B1.2(a)(2)[1] and

further argues that his previous Mississippi state court conviction for aggravated

assault should not be considered a "crime of violence" under § 4B1.2(a). Having

reviewed the applicable law, the Court finds that Morris's Motion should be denied.

Morris's Motion for Voluntary Dismissal [49] will be denied as moot. [2]

Section 2255 provides four grounds for relief: (1) "that the sentence was

imposed in violation of the Constitution or laws of the United States;" (2) "that the

---

[1]Morris was sentenced under U.S.S.G. § 2k2.1 which expressly adopts the "crime of violence" definition stated in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2. Section 4B1.2(a)(2) was amended on March 10, 2017, however, the Court must analyze the text at the time of sentencing.

[2]The Government objected to Defendant's Motion for voluntary dismissal.

court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."  28 U.S.C. § 2225(a). Morris contends that: (1) the residual clause in § 4B1.2(a)(2) is unconstitutionally vague; and (2) that his prior Mississippi state court conviction for aggravated assault is not a "crime of violence" under § 4B1.2(a) because (a) aggravated assault does not meet the physical force requirement of § 4B1.2(a)(1); and (b) aggravated assault is not an enumerated crime under § 4B1.2(a)(2) because it is enumerated in the Commentary to § 4B1.2, but not the body of § 4B1.2(a)(2). The Court discusses each contention in turn below.

**(1) "Unconstitutionally Vague"**

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the United States Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague because "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Id.* at 2557. The *Johnson* Court left open the question, however, of whether the identically worded residual clause contained in Sentencing Guideline § 4B1.2(a)(2) – challenged here by Morris – was constitutional.

On March 6, 2017, the Court answered that question in *Beckles v. United States*, 137 S. Ct. 886 (2017). Specifically the Court found that "[u]nlike the ACCA, . . . the advisory guidelines do not fix the permissible range of sentences." *Id.* at 892.

"To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id*. "Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." *Id*. Thus, pursuant to *Beckles,* the Court finds that Morris is not entitled to 2255 relief based on the challenge that § 4B1.2(a)(2) is unconstitutionally vague. *See, e.g., United States v. Garza*, No. 2:11-CR-117-1, 2017 WL 932933, at *2 (S.D. Tex. Mar. 8, 2017).

**(2) "Crime of Violence"**

Aggravated assault in Mississippi meets the physical force requirement to qualify as a "crime of violence" under § 4B1.2(a)(1). *See, e.g., Hollins v. United States*, No. 2:11-CR-143-MPM-JMV, 2016 WL 6769026, at *3 (N.D. Miss. Nov. 15, 2016); *Beckworth v. United States*, No. 4:12CR88, 2016 WL 4203510, at *3 (N.D. Miss. Aug. 9, 2016). Therefore, Morris's argument that aggravated assault does not meet the physical force requirement is without merit.

Furthermore, Morris again relies on *Johnson* in arguing that aggravated assault is not a "crime of violence" under § 4B1.2(a) because it is an enumerated of offense under the Commentary to § 4B1.2, but not in the body of § 4B1.2(a)(2). *Beckles* is dispositive of this issue, as well. Because *Beckles* held that the residual clause in § 4B1.2(a)(2) is not void for vagueness, "[t]he residual clause therefore provides a textual hook for the Guideline commentary's list of enumerated offenses, making the commentary consistent with and an interpretation or explanation of §

4B1.2 text." *United States v. Garces*, No. 16-40699, 2017 WL 1382069, at \*1 (5th Cir. Apr. 18, 2017). Thus, Morris's argument in this respect is likewise without merit.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Petitioner Daniel Ray Morris's [36] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Petitioner Daniel Ray Morris's [49] Motion for Voluntary Dismissal is **DENIED** as moot.

**SO ORDERED AND ADJUDGED** this the 2nd day of May, 2017.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE