IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

**v.**                                    **CAUSE NO. 1:12-cr-49-LG-RHW-1**
                                         **CIVIL ACTION NO. 1:23-cv-323-LG**
**DARRELL RAY MORRIS**

## ORDER DENYING MOTION TO VACATE

**BEFORE THE COURT** is the [95] Motion to Vacate, Correct, or Set Aside

Sentence pursuant to 28 U.S.C. § 2255 filed by Defendant Darrell Ray Lucas.  After

considering the Motion, supporting Memorandum, the record in this matter, and

the applicable law, the Court finds that the Motion should be denied as untimely.

### BACKGROUND

On March 27, 2013, Defendant entered a plea of guilty to a one-count

Indictment which charged him with possessing ammunition while a convicted felon,

in violation of 18 U.S.C. § 922(g)(1).  On June 26, 2013, Defendant was sentenced to

51 months' imprisonment, 3 years' supervised release, a $1,000 fine, and a $100

special assessment.  On June 17, 2016, Defendant filed his first [36] Motion to

Vacate, which was denied on May 2, 2017.  Thereafter, Defendant's supervised

release was revoked on October 4, 2018, and he was sentenced to time served with

supervised release to last 28 months.  On December 3, 2020, Defendant's supervised

release was again revoked for committing armed robbery, in violation of a

mandatory condition of his supervised release.  He was sentenced to 24 months'

imprisonment to be served consecutively to his state court term of imprisonment,

1

with no term of supervised release to follow.  On November 17, 2023, Defendant filed another [95] Motion to Vacate, arguing that the court could not "order a sentence to be served consecutively to a not yet imposed state sentence."  (Mot. Vacate, at 1, ECF No. 96).

## DISCUSSION

As an initial matter, "[t]he revocation of supervised release is a sentence, *see United States v. Moody*, 277 F.3d 719 (5th Cir. 2001), and is thus properly challenged in a motion under 28 U.S.C. § 2255."  *United States v. Patlan*, No. C-98-213, C-05-281, 2005 WL 1924376, at *2 (S.D. Tex. Aug. 10, 2005).  It appears that Defendant is currently in state custody and has challenged a future-scheduled federal sentence.  "28 U.S.C. § 2255 is available to a prisoner in state custody attacking a federal sentence scheduled to be served in the future."  *Simmons v. United States*, 437 F.2d 156, 159 (5th Cir. 1971).

Moreover, although Defendant previously filed a [36] Motion to Vacate, the Court does not find the present filing to be a "second or successive" such motion, because the instant [95] Motion to Vacate challenges the judgment of revocation, the facts of which were not known at the time of his 2016 Motion.  *See Garza v. United States*, Civ. No. SA-13-CA-1101-XR; SA-08-CR-270-XR, 2013 WL 12145974, at *2 n. 1 (W.D. Tex. Dec. 18, 2013) ("While the filing of a second or successive § 2255 motion generally requires authorization by a panel of the Fifth Circuit Court of Appeals, such authorization is not required if the factual predicate for the claim in the second or successive motion could not have been discovered previously

through the exercise of reasonable diligence . . . The facts underlying the fourth

revocation were not known at the time Garza filed his first § 2255 motion to

vacate.") (citing *In re Johnson*, 483 F. App'x 922, 925 (5th Cir. 2012)).  Therefore,

the Court will proceed.

A movant in a § 2255 proceeding has the burden of demonstrating that his

filings are timely.  *United States v. Duran*, 934 F.3d 407, 413 (5th Cir. 2019).

Section 2255 Motions generally must be filed within one year after the judgment of

conviction becomes final.  28 U.S.C. § 2255(f)(1).  The limitation period for § 2255

Motions runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  When a criminal defendant does not file a direct appeal of his

conviction, the conviction "becomes final on the day when the time for filing a direct

appeal expires."  *United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012) (citing

*United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008)).  Federal Rule of

Appellate Procedure 4(b)(1)(A) provides that a defendant's notice of appeal in a

criminal case "must be filed in the district court within 14 days" after the entry of the judgment.

The Judgment of Revocation in this case was entered on December 8, 2020, and an Amended Judgment was entered December 16, 2020.  A [91] Motion for Reconsideration was filed on December 14, 2020, which was denied by Text-Only Order dated January 12, 2021.  "'[D]espite the absence of a governing statute or procedural rule, a motion for reconsideration in a criminal case filed within the original period in which an appeal is permitted 'renders the original judgment nonfinal for purposes of appeal for as long as the petition is pending.'" *United States v. Hoffman*, 70 F.4th 805, 810 (5th Cir. 2023) (quoting *United States v. Greenwood*, 974 F.2d 1449, 1466 (5th Cir. 1992)) (cleaned up).  Therefore, presuming that January 12, 2021, began the period to appeal the Judgment of Revocation, Defendant's § 2255 Motion would have been due on January 26, 2022. As the Motion was not filed until November 17, 2023, the same is untimely and must be denied for that reason.

Alternatively, "a district court has the discretion to order that a federal sentence run consecutively to an anticipated state sentence that has not yet been imposed".  *Setser v. United States*, 566 U.S. 231, 132 S. Ct. 1463, 182 L. Ed. 2d 455 (2012).  *United States v. Blakey*, 237 F. App'x 927, 928 (5th Cir. 2007) (district court has the discretion to order that a sentence imposed upon the revocation of supervised release run consecutive to a not-yet-imposed state sentence).

4

For the foregoing reasons, Defendant's § 2255 Motion is denied.  The Court has determined that a hearing is unnecessary because "the motion and the files and records of the case conclusively show that [Defendant] is entitled to no relief."  *See* 28 U.S.C. § 2255(b); *see also* 28 U.S.C. § 2255(f).

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant Darrell Ray Morris's [95] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 4th day of December, 2023.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE